UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFRY S. JONES,

    Plaintiff,

v.

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.

Case No. 1:15-cv-01158-PJG

Honorable Phillip J. Green

# **MEMORANDUM OPINION AND ORDER**

This was a social security action brought under 42 U.S.C. § 405(g) seeking judicial review of a final decision of the Commissioner of Social Security denying plaintiff's claims for Disability Insurance Benefits (DIB). On November 17, 2016, this Court entered a judgment vacating the Commissioner's decision and remanding this matter back to the Commissioner under sentence four of 42 U.S.C. § 405(g) for further administrative proceedings. (ECF No. 19). On January 3, 2017, plaintiff filed an application for attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. (ECF No. 21). The Commissioner filed a timely response opposing plaintiff's application. (ECF No. 24).[1] For the reasons set forth herein, plaintiff's application will be denied.

---

[1] In the Commissioner's response, the Commissioner notes that plaintiff's motion is premature but that the Commissioner had no intention of appealing this Court's judgment vacating and remanding the case to the Commissioner. The judgment is

## Discussion

The EAJA provides in relevant part:

Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . ., including proceedings for judicial review of agency action, brought by or against the United States . . ., unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A); *see Astrue v. Ratliff*, 560 U.S. 586, 591-93 (2010). A district court's decision granting or denying a motion for attorney's fees under the EAJA is reviewed on appeal under a deferential "abuse of discretion" standard. *DeLong v. Commissioner*, 748 F.3d 723, 725 (6th Cir. 2014).

The Sixth Circuit has identified three conditions that must be met to recover attorney's fees under the EAJA: (1) the claimant must be a prevailing party; (2) the government's position must be without substantial justification; and (3) there are no special circumstances that would warrant a denial of fees. *See DeLong*, 748 F.3d at 725. Plaintiff is a prevailing party under this Court's judgment remanding this matter to the Commissioner. *See Shalala v. Schaefer*, 509 U.S. 292, 298 (1993); 28 U.S.C. § 2412(d)(2)(H). Plaintiff is a financially eligible person under the EAJA. *See* 28 U.S.C. § 2412(d)(2)(B).

Defendant opposes an EAJA award, asserting that the government's position was substantially justified. (ECF No. 24). Defendant has the burden of

---

final as of January 17, 2017, so this argument is overlooked as moot.

demonstrating that the government's position was substantially justified. *See Scarborough v. Principi*, 541 U.S. 401, 414 (2004); *Peck v. Commissioner*, 165 F. App'x 443, 446 (6th Cir. 2006). The government's position is substantially justified if it is "justified in substance or in the main -- that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). Defendant has carried her burden.

Plaintiff is not entitled to EAJA attorney's fees simply because he obtained a decision from this Court reversing the Commissioner's decision and remanding the matter for further administrative proceedings under sentence four of 42 U.S.C. §405(g). *See DeLong*, 748 F.3d at 726; *Ratliff v. Commissioner*, 465 F. App'x 459, 460 (6th Cir. 2012) ("The Commissioner's position may be substantially justified even if it is rejected by the district court."); *Couch v. Secretary of Health & Human Servs.*, 749 F.2d 359, 360 (6th Cir. 1984) ("The fact that this court finds a decision of the Secretary not supported by substantial evidence is not equivalent to a finding that the position of the United States was not substantially justified."); *Saal v. Commissioner,* No. 1:08-cv-347, 2010 WL 2757554, at * 2 (W.D. Mich. June 24, 2010) ("The ALJ's failure to meet the articulation requirements in a decision 'in no way necessitates a finding [that the Commissioner's] position was not substantially justified.' " (quoting *Stein v. Sullivan,* 966 F.2d 317, 320 (7th Cir. 1992)).

This case turned on the narrow issue of whether the ALJ's stated reason for assigning little weight to Dr. Pagnanelli's medical opinions and restriction

recommendations was sufficiently supported by the evidence. Three opinions by Dr. Pagnanelli, a treating physician, were included in plaintiff's claims for Disability Insurance Benefits. The ALJ stated that all three opinions were intended as short-term restrictions and assigned them little weight. The Commissioner acknowledged that the ALJ erred when discussing the opinions by Dr. Pagnanelli because one of the three opinions was intended as permanent restrictions.

This Court ultimately determined that the ALJ erred to the extent that the reasons offered for discounting Dr. Pagnanelli's opinion were not supported by the record, and the error was not harmless. (ECF No. 23, PageID.1687-88). The evidence did not strongly establish plaintiff's entitlement to Disability Insurance Benefits, and the matter was remanded to the Commissioner to address the weight assigned to Dr. Pagnanelli's permanent restrictions opinion. (ECF No. 23, PageID.1688). The Court noted that this was a "close call" and that "reasonable minds could look at this and reach different conclusions." (ECF No. 23, PageID.1686-87). The Commissioner's decision to deny plaintiff's claim for DIB and to defend that denial in this Court had a reasonable basis in law and fact. The Court finds that the Commissioner's position was substantially justified.

## Conclusion

For the reasons set forth herein, plaintiff's application (ECF No. 21) is **DENIED**.

**SO ORDERED.**

Dated: August 2, 2017

/s/ Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge